We agree with his Honor in refusing the instructions prayed for, and are not able to perceive any error in the charge. The first branch of the instruction required was palpably wrong. The court was required to instruct the jury that the testimony of the witnesses, if believed, showed that the plaintiff had taken a false oath. That was not the charge made by the defendant against the plaintiff; but it was one of perjury. It was not sufficient, therefore, to the defendant's justification that he should show that the oath was false; but he must go further and show that it was corruptly false. If this were not so, the condition of a witness would be truly perilous; the ignorant and the innocent would occupy the same ground with the corrupt. The most intelligent and upright are liable to be mistaken. It is not the falseness of the oath, alone, that constitutes the crime of perjury; but it is the corruptness of the heart in taking it. The court, therefore, could not give the instruction *Page 333 
as required, and the charge upon that part of the case is entirely correct. Neither was there any error in refusing the instruction asked for as the price of brandy sworn to. Two special contracts were entered into between the plaintiff and Hinson relative to the brandy. By the first, Hinson was to have the brandy at 31 1/4 cents per gallon for cash. With this contract Hinson did not comply; and, after making a partial payment, it was mutually abandoned and a new one made, wherein both the price of the brandy and the mode of payment were (483) changed. With this latter contract Hinson did not comply, and might by the plaintiff be considered as having abandoned it. And in an action for the brandy Hinson would not be allowed to set up in his defense a special contract which he himself had broken. 2 Smith Lead. Cases, 27. The plaintiff, then, was no further bound by it than as it had been partially performed. Having been disappointed by Hinson in getting his seed wheat at the time he needed it, he was justified in considering the contract so far at an end as to authorize him to charge for his brandy what it was worth. Such was the charge the jury received. But if, in strict law, the plaintiff was still bound by the contract, yet he might well believe he was remitted to his original account upon the failure of Hinson to comply with it; and if he did so believe, though the oath taken by him might have been false, it would not have been corruptly so, and would not support the defendant's plea; and the question of corruption was left to the jury.
PER CURIAM. No error.
(484)